IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
BENJAMIN BOWDEN, as        )
Administrator of the       )
Estate of Betsy Dickert    )
Bowden, Deceased, and      )
CATHERINE BOWDEN,          )
Individually,              )
                           )
     Plaintiffs,           )
                           )   CIVIL ACTION NO.
     v.                    )    2:20cv467-MHT
                           )        (WO)
COAST TO COAST CABLE,      )
INC., and BRUCE P.         )
BEAUDRY,                   )
                           )
     Defendants.           )
```

ORDER

The allegations of the notice of removal are insufficient to invoke this court's removal jurisdiction under 28 U.S.C. §§ 1332 (diversity of citizenship) and 1441 (removal). To invoke removal jurisdiction based on diversity, the notice of removal must distinctly and affirmatively allege each party's citizenship. *See McGovern v. American Airlines, Inc.*,

511 F. 2d 653, 654 (5th Cir. 1975) (per curiam).* The allegations must show that the citizenship of each plaintiff is different from that of each defendant. 28 U.S.C. § 1332; *see also* 2 James Wm. Moore, et al., Moore's Federal Practice ¶ 8.03[5][b] at 8-10 (3d ed. 1998).

The notice of removal fails to meet this standard. First, the notice gives the "residence" rather than the "citizenship" of plaintiff Catherine Bowden and of decedent Betsy Dickert Bowden. *See* 28 U.S.C. § 1332(c)(2) ("the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent...."). An allegation that a party is a "resident" of a State is not sufficient to establish that a party is a "citizen" of that State. *See Taylor v. Appleton*, 30 F.3d 1365, 1367

---

* In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

2

(11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person").

In addition, the removal notice is insufficient because it does not indicate the citizenship of corporate defendant Coast to Coast Cable, Inc.  28 U.S.C. § 1332(c) provides that a corporation shall be deemed a citizen, first, of all States by which it has been incorporated and, second, of the State where it has its principal place of business.  To invoke jurisdiction based on diversity in a case in which a corporation is a party, it is thus necessary to allege distinctly and affirmatively all the States by which the corporation has been incorporated <u>and</u> the State in which the corporation has its principal place of business.  *See American Motorists Ins. Co. v. American Employers' Ins. Co.*, 600 F.2d 15, 16 and n.1 (5th Cir. 1979) (per curiam).

***

**It is therefore the ORDER, JUDGMENT, and DECREE of the court that the removing party has until July 28, 2020, to amend the notice of removal to allege jurisdiction sufficiently, *see* 28 U.S.C. § 1653; otherwise this lawsuit shall be remanded to state court.**

**DONE, this the 14th day of July, 2020.**

                                                      **  /s/ Myron H. Thompson  
                                        UNITED STATES DISTRICT JUDGE**